James **VOIROL, Vera Bressler, Marion Brown, Annine Wycherley, Joy Mills, individually, as rightful directors and members of American Federation of Human Rights, Inc., and on behalf of the other American Federation members who have not seceded from International Co–Masonry; and the Order of International Co–Freemasonry Le Droit Humain American Federation, a Delaware non-profit corporation, Plaintiffs,**

**v.**

Rosario **MENOCAL, Yvonne Haley, Maxivo Cumsille, Norbert Orszula, John Schwarz, and the American Federation of Human Rights, a Colorado non-profit corporation, Defendants.**

**Civil Action No. 94–WM–653.**

United States District Court,
D. Colorado.

April 10, 1997.

Miles M. Gersh, James S. Helfrich, Gersh & Danielson, Denver, CO, for Plaintiffs.

James Bull, John G. Powell, Bucholtz, Bull & Ewing, P.C., Denver, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR LACK OF STANDING

MILLER, District Judge.

In this dispute over the membership and control of a Colorado nonprofit, fraternal corporation, defendants move for summary judgment [1] based on their contention that the corporate plaintiff lacks standing to proceed.[2] I agree and will grant the motion.

### I.

#### *Jurisdiction.*

Jurisdiction is premised on diversity of citizenship. 28 U.S.C. § 1332.

### II.

#### *Statement of Issues.*

Does the corporate plaintiff, the Order of International Co–Freemasonry Le Droit Humain American Federation (the Order), which was not formed until several months after the events at issue and which has no legal relationship to the defendants, have standing because its members were members of the corporate defendant?

### Ill.

#### *Standard of Review.*

Summary judgment is proper if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R.Civ. P. 56(c). Summary judgment is improper if, viewing the facts before the court in a light most favorable to the non-moving party and drawing all reasonable inferences in favor of that party, a reasonable jury could find in favor of that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–53, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

---

1. Defendants' motion is styled as a "Motion to Dismiss and for Summary Judgment." Because the parties present, and the court considers, matters outside the pleadings, the motion will be treated as one for summary judgment. Fed. R.Civ.P. 12(b).

2. Since defendants filed their motion, plaintiffs amended the complaint to name the individual plaintiffs. At argument, defendants' counsel consented to the amendment. Accordingly, their motion challenges only the standing of the corporate plaintiff.

## IV.

### *Background.*

This lawsuit arises from the purported disassociation of the Colorado nonprofit corporate defendant, the American Federation of Human Rights, Inc. (AFHR), from an international order of co-freemasonry centered in Paris, the International Co–Masonry Le Droit Humain (LDH). At the beginning of 1994, the individual defendants were the members of the board of directors of the AHRH (also called the Grand Council of Administration); they continue in that role today. The individual plaintiffs are members of the AFHR and claim to be the rightful members of the organization, "loyal" to the LDH. The Order is a Delaware corporation formed in 1994 by the individual plaintiffs.

A brief overview of the history of the organizations involved is appropriate and helpful to an understanding of this dispute.

The LDH is an international fraternal organization dating back to the 19th century. It is governed by the Supreme Council of International Co–Masonry, located in Paris (Supreme Council). The LDH has twenty-six national branches, or federations, such as the AFHR. Each federation, in turn, consists of local Masonic lodges.

In 1910, the LDH granted a charter to the AFHR to administer the financial affairs of co-masonry in the United States. The AFHR was originally incorporated in Washington, D.C. in 1907 and authorized to do business in Colorado in 1910. However, because of the failure to file required reports, the organization was reincorporated in Colorado in 1975 to maintain its corporate existence.

The catalyst for this lawsuit occurred in 1993 when the Supreme Council purported to adopt new bylaws of AFHR which included, among other things, a veto power for the Supreme Council's U.S. representative over the actions of AFHR's board of directors and term limits for its members. The defendants challenged these changes as violative of the "absolute freedom" guaranteed to the AFHR by the LDH constitution and initiated a vote on the changes among the membership of the AFHR; the majority rejected the changes.

The Supreme Council refused to recognize the vote and insisted on its unilateral changes. In response, the individual defendants, purporting to act as the board of directors (Grand Council), announced that they had severed relations between the AFHR and the LDH and declared themselves to be the head of a new organization called the Grand Lodge of the American Federation of Human Rights. The defendants contend that a majority of AFHR members approved the disassociation by written statement.[3]

Plaintiffs bring this lawsuit on behalf of the "loyal" members of the AFHR, alleging that the defendants wrongfully seized control of the real and personal property of the AFHR.

## V.

### *Standing.*

The defendants contend that the Order lacks standing to bring this action because it was not incorporated until almost a year after occurrence of the actions alleged in the complaint and because there was no relationship between the Order and any of the defendants. The sole connection appears to be that certain "loyal" members of the AFHR (*i.e.*, those members who did not choose to withdraw from LDH) are members of the Order.

▮▮ The party invoking the jurisdiction of the court, here the Order, bears the burden of establishing standing. *Clajon Production Corp. v. Petera*, 70 F.3d 1566, 1572 (10th Cir.1995). The "constitutional minimum" of standing consists of three elements: (1) an injury-in-fact; (2) which is traceable to the allegedly unlawful conduct; and (3) which will likely be redressed by a favorable decision. *Id.* In order to withstand defendants' motion for summary judgment, plaintiffs must set forth specific facts from which I may conclude that the defendants' conduct caused the Order some judicially cognizable injury. The Order is unable to do so.

▮▮ Plaintiffs' four claims for relief are: (1) express trust, (2) constructive trust, (3)

---

**3.** Whether there has been a vote on this issue is     disputed.

breach of fiduciary duty, and (4) breach of contract. The claims are premised on the historic affiliation between the AFHR and LDH, the oaths of loyalty and obedience taken by the individual defendants to the LDH, and, necessarily, membership in AFHR. The Order fails on all accounts; it was not in existence in January 1994 when the defendants withdrew from the LDH and was never a member of the AFHR.

It is unavoidable that the defendants could neither have entered into and breached a contract with, nor owed a fiduciary duty to, a nonexistent entity at the time of the alleged wrongdoing. In addition, the claims for imposition of an express or constructive trust are based upon duties owed to the members of the AFHR or to the LDH. Although the Order is made up in large part of "loyal" AFHR members and may be affiliated with the LDH, it suffered no cognizable injury itself and will not be permitted to play the paladin.

Accordingly, it is ordered as follows:

1. Defendants' Motion to Dismiss and for Summary Judgment for Lack of Standing, filed October 23, 1995, is **GRANTED.**

2. The claims asserted on behalf of the Order of International Co–Freemasonry Le Droit Humain American Federation are dismissed.